## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LEARTIS JASON JOHNSON,**

    **Plaintiff,**

v.                                         **CASE NO. 8:07-CV-1614-T-30EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court are **Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment** (Dkt. 10), filed on December 11, 2007, Plaintiff's **Judgment by Default** (Dkt. 11), filed on December 19, 2007, which the court construes as a Motion for Default Judgment pursuant to Rule 55, Federal Rules of Civil Procedure, and **Defendant's Response to Plaintiff's Motion for Default Judgment** (Dkt. 12), filed on January 7, 2008. Plaintiff appears to incorporate a response to Defendant's Motion to Dismiss in his Motion for Default Judgment. Accordingly, the court considers Plaintiff's arguments in opposition to Defendant's motion. For the reasons set forth herein, the undersigned recommends that Defendant's Motion to Dismiss be granted and Plaintiff's Motion for Default Judgment be denied.

**I. Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Dkt. 10)**

Defendant argues that Plaintiff is foreclosed from bringing this action and that his complaint should be dismissed because it was untimely filed. On June 29, 2007, the Appeals Council sent, by mail, notice of its action on Plaintiff's request for review and of the right to commence a civil action within sixty days from the date of receipt. Defendant argues that Plaintiff's September 11, 2007

complaint is untimely as outside the sixty-day time period for commencing a civil action and should therefore be dismissed. In the alternative to dismissal, Defendant moves for summary judgment. Plaintiff responds that he received the Appeals Council's Notice of Action on July 13, 2007 and that his September 11, 2007 complaint is within the sixty-day filing period (Dkt. 11).

A. Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, pursuant to Twombly, which abrogated Conley, to survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1964-65. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Further, Rule 12(d), Federal Rules of Civil Procedure, provides that if the court considers matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment pursuant to Rule 56 and allow the parties "a reasonable opportunity

to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must judge all evidence in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the nonmoving party's favor. <u>Fernandez v. Bankers Nat'l Life Ins. Co.</u>, 906 F.2d 559, 564 (11th Cir. 1990) (citations omitted).

    B. <u>Analysis</u>

As a preliminary matter, the court finds it unnecessary to consider Defendant's motion as one for summary judgment, as the deficiency in Plaintiff's complaint that Defendant points out is readily ascertainable from the face of the complaint.[1] Defendant argues that Plaintiff failed to initiate this action within the time period allowed under the Social Security Act, as amended, Title 42 United States Code Section 405(g); Plaintiff responds that his petition was timely based on the date he received the Notice of Action from the Appeals Council.

A lawsuit challenging the denial of benefits must be filed "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g).  Under the Social Security Regulations, a plaintiff has sixty days from <u>receipt</u> of the notice to file his complaint, and receipt is presumed to be "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. §§ 404.901, 422.210(c) (emphasis added).

---

[1] As such, it is unnecessary for this court to consider any attachment to Defendant's Motion to Dismiss and the court excludes those matters presented that are outside the pleadings. <u>See</u> Fed. R. Civ. P. 12(d).

Undisputed is that the Appeals Council denied Plaintiff's claim on June 29, 2007 (Compl. Attach. 4). The dispositive issue is the date of Plaintiff's receipt of the Appeals Council's notice. If the presumptive five-day notice rule is employed here, Plaintiff's lawsuit is untimely. If, however, as Plaintiff claims, Plaintiff received the notice on July 13, 2007, his September 11, 2007 petition is timely.

One court in this circuit has addressed in detail a plaintiff's ability to rebut the presumptive five-day notice rule by a reasonable showing to the contrary. In Pettway ex. rel. Pettway v. Barnhart, 233 F. Supp. 2d 1354 (S.D. Ala. 2002), the Southern District of Alabama denied the Commissioner's motion to dismiss, finding that the plaintiff rebutted the presumption of timely receipt through an affidavit under oath of the receipt date, as well as corroborating documentary evidence from the plaintiff's counsel. 233 F. Supp. 2d at 1362-63.

In discussing that other courts have "repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing,'" the court concluded that the plaintiff's affidavit, standing alone, could not constitute a reasonable showing of delayed receipt. Id. at 1356-57. However, because the plaintiff also submitted corroborating documentary evidence from her counsel, which included a date stamp, the plaintiff made a reasonable showing as to the date she allegedly received notice. Further, the court noted that a short delay is generally more plausible than a long one and the plaintiff had claimed only a short delay of one day. Id. at 1359.

In the instant case, Plaintiff states that he received the Appeals Council's notice on July 13, 2007, fourteen days after the Appeals Council's June 29, 2007 denial. The only evidence of Plaintiff's claim is a handwritten notation on a copy of the notice that he attaches to the complaint,

4

stating: "Received Friday July 13, 2007" and signed beneath by Plaintiff. This handwritten notation does not constitute an affidavit or other sworn statement. Indeed, the Pettway court noted that copies of handwritten notations are insufficient to establish a reasonable showing of delayed receipt. Id. at 1358 n.7 (discussing Mazzie v. Bowen, CIV. A. No. 88-0540, 1988 WL 92202 (E.D. Penn. Sept. 1, 1988), in which the court rejected as insufficient handwritten notations of the plaintiff's counsel).

In addition to the absence of a sworn statement, Plaintiff fails to offer any evidence to corroborate his assertion that he received the notice on July 13, 2007. As the Pettway court stated, "[i]n every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt." 233 F. Supp. 2d at 1356-57. Further, the delay of fourteen days alleged by Plaintiff is less plausible to the court than if a shorter delay had been alleged.

Accordingly, in the absence of a sworn statement by Plaintiff and evidence corroborating his testimony about the receipt date,[2] the court must find that Plaintiff received the Appeals Council's notice within the presumptive five-day period after denial. Plaintiff's complaint is therefore untimely and should be dismissed for failure to state a claim upon which relief may be granted. See id. at 1359 n.11 (noting that ordinarily, a statute of limitations governing suits against the United States is jurisdictional; however, Section 405(g) is not jurisdictional but rather a period of limitations).

## II. **Plaintiff's Motion for Default Judgment (Dkt. 11)**

---

[2] Had Plaintiff provided a sworn affidavit and corroborating evidence in opposition to Defendant's motion, this court would consider the motion as one for summary judgment pursuant to Rule 56, as the court would have considered matters outside the pleadings. See Fed. R. Civ. P. 12(d).

Plaintiff alleges that he is entitled to default judgment against Defendant because Defendant filed a response to the complaint outside the sixty-day time period allowed for responding (Dkt. 11). In opposition, Defendant maintains that Plaintiff's motion is both legally and factually untenable. Defendant first argues that its Motion was timely filed within the sixty days following the service of the summons. Further, Defendant contends that default judgment is unavailable to Plaintiff because Plaintiff has not established any underlying claim to Social Security benefits (Dkt. 12 at 2).

Rule 12(a)(2),[3] Federal Rules of Civil Procedure, allows the United States and its officers sued in an official capacity sixty days from the date of service on the United States Attorney to answer a complaint. Fed. R. Civ. P. 12(a)(2). Plaintiff filed his complaint on September 11, 2007 (Dkt. 1). The record reflects that Plaintiff served Defendant with the summons and complaint on October 12, 2007 (Dkt. 7), and Defendant moved to dismiss on December 11, 2007 (Dkt. 10). Because Defendant moved within the sixty days following service on Defendant, Plaintiff's Motion for Default is without merit and should be denied.

Further, Rule 55(d), Federal Rules of Civil Procedure, provides that default judgment should not be entered against the United States, its officers, or agencies unless "the claimant establishes a claim or right to relief by evidence that satisfies the court." As pleaded, Plaintiff's complaint does not satisfy the court of Plaintiff's claim or right to relief. Therefore, default judgment is inappropriate.

Upon consideration it is **RECOMMENDED** that:

(1)   Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt.

---

[3] The Federal Rules of Civil Procedure were amended December 1, 2007, during the pendency of the instant motions. Accordingly, the court considers the motions under the amended rules.

>    10) be **GRANTED**;

(2)   Plaintiff's Motion for Judgment by Default (Dkt. 11) be **DENIED**; and

(3)   the case be dismissed and the Clerk directed to close the file.


**Date:   February 1, 2008**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. 636(b)(1).


Copies to:
District Judge
Counsel of Record